# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ALEKSANDAR KARADZIC** ) <br> Svetosavska 14, ) <br> 71420 Pale, ) <br> Bosnia and Herzegovina ) <br> ) <br> **LJILJANA ZELEN KARADZIC** ) <br> Viktora Igoa 7, ) <br> 71420 Pale, ) <br> Bosnia and Herzegovina ) <br> ) <br> **SONJA KARADZIC JOVICEVIC** ) <br> 4 Juna 3, ) <br> 71420 Pale, ) <br> Bosnia and Herzegovina ) <br> ) <br> *Plaintiffs,* ) <br> ) <br> v. ) <br> ) <br> **ANDREA M. GACKI** ) <br> in her official capacity as ) <br>     Director of the Office of Foreign Assets Control ) <br>     U.S. Department of Treasury ) <br>     1500 Pennsylvania Avenue NW ) <br>     Washington, DC 20220 ) <br> ) <br> and ) <br> ) <br> ) <br> **U.S. DEPARTMENT OF TREASURY** ) <br> **OFFICE OF FOREIGN ASSETS CONTROL** ) <br>     Department of Treasury ) <br>     1500 Pennsylvania Avenue NW ) <br>     Washington, DC 20220 ) <br> ) <br> *Defendants* ) | No. 1:23-cv-1226 <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF IN THE NATURE OF MANDAMUS AND FOR ATTORNEYS FEES AND COSTS** |

1

Petitioners Aleksandar Karadzic, Ljiljana Zelen Karadzic, and Sonja Karadzic Jovicevic bring this complaint for declaratory relief and a Writ of Mandamus, declaring that there has been unreasonable delay and compelling Andrea M. Gacki and the U.S. Department of Treasury's Office of Foreign Assets Control ("OFAC") to decide on their April 2020 request to be removed from the Specially Designated Nationals List ("SDN List"). In support of this complaint, they allege the following:

## PARTIES

1. Plaintiffs are citizens of Bosnia and Herzegovina and reside in the town of Pale, Bosnia and Herzegovina.

2. Defendant Andrea M. Gacki is the Director of the Office of Foreign Assets Control, U.S. Department of Treasury. She is sued in her official capacity.

3. Defendant OFAC is an administrative agency of the United States Department of Treasury, located at 1500 Pennsylvania Avenue NW, Washington, DC 20220. OFAC is responsible for administering and enforcing economic and trade sanctions against targeted foreign countries and individuals. To accomplish this task, OFAC maintains the SDN List.

## JURISDICTION AND VENUE

4. The Court has jurisdiction under the Mandamus Act, 28 U.S.C. 1361, the Declaratory Judgement Act, 28 U.S.C. 2201(a), 2202, and the Administrative Procedure Act, 5 U.S.C. 706(1). The Court has jurisdiction over the subject matter of claims pursuant to 28 U.S.C. 1331. The Court has jurisdiction to award attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(2).

5. Venue is proper in the District of Columbia pursuant to 28 U.S.C. 1391(b) and

(e).

## FACTS

6. The plaintiffs are the son (Aleksandar), daughter (Sonja), and wife (Ljiljana) of Radovan Karadzic, the former President of the Bosnian Serb Republic, who was indicted by the International Criminal Tribunal for the former Yugoslavia ("ICTY") in 1995 and was the subject of a massive international manhunt until his arrest in 2008.

7. During that manhunt, on May 28, 2003, President Bush issued Executive Order 13304, authorizing the Secretary of the Treasury to block all property and interests in property of persons who actively obstructed, or pose a significant risk of actively obstructing, the Dayton Accords relating to Bosnia and Herzegovina, including the harboring of individuals indicted by the International Criminal Tribunal for the former Yugoslavia ("ICTY").  The blocked persons were placed on the SDN List.

8. Aleksandar, Ljiljana, and Sonja were included on the SDN list that was annexed to Executive Order 13304 because they were suspected of helping their father and husband, Radovan Karadzic, to evade arrest.

9. After his arrest,  Radovan Karadzic was transferred to the ICTY in The Hague where he stood trial and was convicted. On March 20, 2019, Karadzic was sentenced to life imprisonment by the successor to the ICTY.  He is serving that sentence in the United Kingdom.

9. Aleksandar, Ljiljana, and Sonja never provided any support to assist Radovan Karadzic to evade arrest.

10. In any event, the circumstances that led to their placement on the SDN list no longer apply after the arrest of Radovan Karadzic in 2008.

11. On June 10, 2011, the Office of High Representative for Bosnia and Herzegovina lifted the sanctions he had imposed on persons suspected of assisting Radovan Karadzic to evade arrest, finding them no longer warranted in light of Karadzic's arrest and that of the wartime Army Commander General Ratko Mladic.

12. On April 24, 2020, counsel for Aleksandar, Ljiljana, and Sonja wrote to OFAC seeking to have the decision adding them to the SDN List reconsidered and rescinded, pursuant to 31 CFR 501.807.  OFAC confirmed receipt of their letters the same day.

13.  On May 6, 2020, OFAC sent counsel for Aleksandar, Ljiljana, and Sonja a request for further information.

14. On May 30, 2020, counsel for Aleksandar, Ljiljana, and Sonja provided OFAC with all of the information it had requested.

15. On August 28, 2020, OFAC sent counsel for Ljiljana and Sonja another request for further information.

16. On September 21, 2020, counsel for Ljiljana and Sonja provided OFAC with all of the information it had requested.

17. On December 20, 2020, counsel for Sonja provided OFAC with an article showing how she was facilitating peace and reconciliation in Bosnia and Herzegovina.

18. On November 1, 2021, counsel for Aleksandar, Ljiljana, and Sonja asked OFAC for an update on the status of their delisting applications and requested a timely decision.

19. On November 5, 2021, OFAC assured counsel for Aleksandar, Ljiljana, and Sonja that it continued to work diligently on their cases.

20. On February 20, 2022, counsel for Aleksandar, Ljiljana, and Sonja again wrote OFAC requesting a prompt decision on their delisting requests.

21. On March 7, 2022, OFAC assured counsel for Aleksandar, Ljiljana, and Sonja that they were continuing to make progress on the delisting requests and promised an update within 60 days.

22. When no update was forthcoming, counsel for Aleksandar, Ljiljana, and Sonja again wrote to OFAC on May 4, 2022 requesting a prompt decision on their cases.

23. On May 13, 2022, OFAC advised counsel for Aleksandar, Ljiljana, and Sonja in a telephone conversation that they were close to a decision on Ljiljana's petition and should have a better idea in the next month when it would be completed. Their action on Aleksandar and Sonja's petitions were "lagging behind".

24. Having again heard nothing, counsel for Aleksandar, Ljiljana, and Sonja wrote to OFAC on November 2, 2022, requesting a decision on their delisting petitions.

25. On December 6, 2022, OFAC advised counsel for Aleksandar, Ljiljana, and Sonja in a telephone conversation that they were one or two months away from completing Ljiljana's case and that the reports had been drafted in Aleksandar and Sonja's case, but they had not yet been sent for interagency review. Counsel for Aleksandar, Ljiljana, and Sonja protested the unreasonable delay and urged a prompt decision on the delisting requests.

26. As of the date of the filing of this complaint, more than three years after the Aleksandar, Ljiljana, and Sonja submitted their delisting requests, OFAC has failed to decide on any of their requests.

27. This delay is inconsistent with OFAC's policy that "the power and integrity of OFAC sanctions derive not only from OFAC's ability to designate and add persons to the Specially Designated Nationals and Blocked Persons (SDN) List, but also from OFAC's willingness to remove persons from the SDN List consistent with U.S. law." https://home.treasury.gov/news/press-releases/jy0808.

28. OFAC has engaged in a practice of delaying its decisions on delisting requests, only to issue such decisions after the filing of complaints in this Court so as to evade review of its unreasonable delay in deciding delisting requests. Examples of such a practice include *Gotovina v US Dep't of the Treasury,* No, 1:14-cv-0016 (ESH), *Salah v. U.S. Dep't of Treasury*, No. 1:12-cv-07067 (N.D. Ill. Nov. 16, 2012); *Zevallos v. Obama*, 10 F. Supp. 3d 111(D.D.C. 2014); *Anwar Joumaa v Lew,* No. 1: 16-cv-00059 (APM) (D.D.C. Feb. 24, 2016); *Mohamed Joumaa v Lew,* No. 1: 16-cv-00305 (RC) (D.D.C. April 15, 2016); *Ayman Joumaa v Mnuchin,* No. CV 17-2780 (TJK), 2019 WL 1559453 (D.D.C. Apr. 20, 2019);  *Zabaneh v Mnuchin*, No. 1:17-cv-01430 (RMC)(D.D.C. August 28, 2017); *Hejeij v Mnuchin*, No. 1:18-cv-01913 (JEB) (D.D.C. October 22, 2018); *Al-Tikriti v Gacki*, No. 1: 19-cv-01957 (BAH) (D.D.C. December 5, 2019)  (voluntary dismissal where OFAC decided on delisting after complaint filed); *Olenga v Gacki*, No. 1: 19-cv-1135 (RDM) (D.D.C. Oct. 2, 2019); *Bahman Group v Gacki*, No. 1: 19-cv-2022 (RDM) (D.D.C. October 20, 2019)  (OFAC granted delisting after complaint filed, but re-listed under a different section.); and *Pejcic v Gacki*, No. 19-CV-02437 (APM), 2021 WL 1209299, at *7 (D.D.C. Mar. 30, 2021).

29. The issue of unreasonable delay is therefore one that is capable of repetition yet evading review. OFAC does not reveal its concerns during the delisting process.

Invariably, if OFAC denies the request for delisting, it provides new information that is often disputed. Sanctioned persons like Aleksandar, Ljiljana, and Sonja can only provide additional information addressing OFAC's concerns in a new petition to OFAC. They will thus become hamsters on the OFAC wheel, forced to wait yet another unreasonable period of time for yet another decision.

30. A decision on what constitutes unreasonable delay in an OFAC delisting petition is overdue and is in Aleksandar, Ljiljana, Sonja's, and the public interest.

31. From 2003 to the present day, Aleksandar, Ljiljana, and Sonja have suffered severe harm as a result of being placed and retained on the SDN list, including loss of employment opportunities, being unable to open or maintain a bank account, being delayed when crossing international borders, and the stigma from being suspected of obstructing the Dayton Accords and harboring persons indicted by the ICTY. Their efforts to obtain recourse from OFAC have run into a brick wall.

32. From 2020 to the present day, Aleksandar, Ljiljana, and Sonja have continued to suffer the harm described above and have also suffered harm from the prolonged uncertainty and anxiety stemming from OFAC's unreasonable delay in deciding their requests for delisting.

## FIRST CAUSE OF ACTION

### UNREASONBLE DELAY IN VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT SUFFICIENT TO WARRANT A DECLARATORY JUDGEMENT

33. Aleksandar, Ljiljana, and Sonja incorporate paragraphs 1-32 by reference.

34. As persons listed on the SDN List, Aleksandar, Ljiljana, and Sonja had the right, under 31 C.F.R. 501.807, to seek administrative reconsideration of their designation and removal from the list and to receive a written decision from OFAC.

35. Under the Administrative Procedure Act, 5 U.S.C. 706(1), Aleksandar, Ljiljana, and Sonja have the right to judicial review of OFAC's actions, including the right to ask the court to "compel agency action unlawfully withheld or unreasonably delayed."

36. OFAC has violated the Administrative Procedure Act by unreasonably delaying its decision on Aleksandar, Ljiljana, and Sonja's request for removal from the SDN List.  The Court should declare the more than three-year delay to be unreasonable.

## SECOND CAUSE OF ACTION

### UNREASONBLE DELAY IN VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT SUFFICIENT TO WARRANT MANDAMUS

37. Aleksandar, Ljiljana, and Sonja incorporate paragraphs 1-32 by reference.

38. A Writ of Mandamus is an appropriate remedy whenever an applicant demonstrates a clear right to have a government official perform his or her duty.  Because OFAC could keep them in perpetual legal limbo by not deciding on their requests, Aleksandar, Ljiljana, and Sonja have no other adequate means to attain the relief they desire.  Thus, an order of mandamus directed to OFAC compelling it to decide on plaintiffs' request within a specified time is appropriate in this case.

## THIRD CAUSE OF ACTION

### UNREASONBLE DELAY IN VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT SUFFICIENT TO WARRANT PAYMENT OF ATTORNEYS FEES AND COSTS

39. Aleksandar, Ljiljana, and Sonja incorporate paragraphs 1-32 by reference.

40. An award of attorneys' fees and costs may be entered pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(2) in a civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that

action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

41. The position of the United States in this case was not substantially justified, as the delay in adjudicating Aleksandar, Ljiljana, and Sonja's application was unreasonable.

42. There are no special circumstances in this case that would make an award of attorneys' fees and costs in this case unjust.

## PRAYER FOR RELIEF

43. WHEREFORE, Aleksandar, Ljiljana, and Sonja respectfully pray that this Court:

a. Declare the delay in adjudicating their requests to be removed from the SDN List to be unreasonable;

b. Issue a writ of mandamus ordering OFAC to decide on their requests to be removed from the SDN List within 30 days;

c. Award them attorneys' fees and costs incurred in this action; and

d. Award them other and further relief as this Court deems just and proper.

Dated: May 2, 2023

Respectfully submitted,

By: /s/ Peter Robinson_____

Peter Robinson
P.O. Box 854
Raleigh, North Carolina 27602
Telephone: (707) 575-0540
E-mail: peter@peterrobinson.com
Bar No. NC013

Attorney for Plaintiffs