IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LJILJANA ZELEN KARADZIC, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 1-23-cv-01226 (TSC) |
| | ) | |
| LISA PALLUCONI, in her official capacity | ) | MOTION FOR RELIEF |
| as Acting Director, Office of Foreign Assets | ) | FROM JUDGMENT |
| Control, *et al* | ) | |
| | ) | |
| *Defendants.* | ) | |

Ljiljana Karadzic respectfully moves the Court, pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, for relief from its Order, ECF No. 30, and Memorandum Opinion, ECF 29. The Court inadvertently failed to address the second cause of action in the Amended Complaint, ECF 13, when dismissing the case and denying her Motion for Summary Judgment, ECF 19.

Rule 60(b) provides, in pertinent part, that:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect…

In its *Memorandum Opinion* in *Baxley v Warmuth,* No. 21-cv-2245 (July 15, 2024), this Court stated that Rule 60(b) permits a court to grant a party relief from a final judgment or order under certain circumstances. The Rule serves to preserve the "delicate balance between the sanctity of final judgments and the incessant command of the court's

conscience that justice be done in light of all the facts" (Citing *Bain v MJJ Prods.,* 751 F.3d 642, 646 (D.C. Cir. 2014)).

The Court stated that "courts should revive previously-dismissed claims only if they have some reason to believe that doing so will not ultimately waste judicial resources" (citing *Thomas v Holder*, 750 F.3d 899, 903 (D.C. Cir 2014)).  While noting that "district courts have discretion over whether to grant Rule 60(b) motions, (citing *United Mine Workers of Am. 1974 Pension v Pittston Co.,* 984 F.2d 469, 476 (D.C. Cir. 1993)), the Court stated that Rule 60(b) relief should be granted "sparingly," (citing *People for the Ethical Treatment of Animals v U.S. Dep't of Health & Hum. Servs.,* 901 F.3d 343,354-55 (D.C.Cir 2018)).

This is one of those rare cases where Rule 60(b) ought to be employed. It appears that the Court inadvertently entered its Order without addressing Ljiljana's second cause of action, which was an independent ground for relief. It will save judicial resources by addressing the matter now, rather than requiring an appeal and possible remand.

Ljiljana Karadzic's Amended Complaint, ECF No. 13, contains three causes of action. The first cause of action alleged unreasonable delay by the defendants in deciding her request to be removed from OFAC's Specially Designated Nationals List ("SDN List"). The second cause of action alleged that when they finally did make a decision, the defendants made an unreasonable one in declining to remove her from the list.  The third cause of action alleged that the defendants were responsible for her attorney's fees and costs should she be the prevailing party. Her Motion for Summary Judgment advanced each of these causes of action.

The Court's Memorandum Opinion decided that the first cause of action--unreasonable delay--was rendered moot when OFAC decided the delisting request after the lawsuit was filed. The Court's Order granted the Defendants' Motion to Dismiss. However, the Motion to Dismiss was not directed to the second cause of action that challenged the merits of that decision.[1] The Order also denied Ljiljana Karadzic's Motion for Summary Judgment as moot in its entirety, although the Memorandum Opinion did not address the second cause of action.

The mootness of the unreasonable delay claim did not affect the issue of whether the decision that the defendants ultimately issued was unreasonable. This can be seen from the Defendants' Memorandum in Opposition to Plaintiff's Motion for Summary Judgment and in Support of Defendants' Motion to Dismiss, or, in the alternative, Cross Motion for Summary Judgment, which, in its prayer for relief, sought the granting of its Cross-Motion for Summary Judgment with respect to the second cause of action. ECF No. 19, p. 44 and sought the granting of its Motion to Dismiss only in respect of the first cause of action. ECF No. 19, p. 35.

It thus appears that the Court's failure to decide the second cause of action may have been an oversight. Ljiljana Karadzic respectfully requests that the Court vacate its Order and issue a new Memorandum Opinion that also addresses the second cause of action.

Should the court issue a new Memorandum Opinion encompassing the second cause of action, it might consider correcting some minor factual errors listed in the attached table.

---

[1] The third cause of action need not have been decided since the plaintiff was not the prevailing party.

3

The Court might also consider changing the caption in its Order and Memorandum Opinion to reflect the current parties to the lawsuit. The persons listed in the court's caption no longer are parties to the lawsuit. See Amended Complaint, ECF 13, para. 4 (Aleksandar Karadzic) and Response to Plaintiff's Notice of Recent Development, ECF 28, fn. 1 (Andrea Gacki)

For the above-stated reasons, the Court is respectfully requested to correct its oversight of the second cause of action and to issue a decision on that cause of action as well.

Dated: September 26, 2024

                                      Respectfully submitted,

                                      By: /s/ Peter Robinson_____

Peter Robinson
P.O. Box 854
Raleigh, North Carolina 27602
Telephone: (707) 575-0540
E-mail: peter@peterrobinson.com
Bar No. NC013

Attorney for Plaintiff Ljiljana Zelen Karadzic

TABLE

| Item | Memorandum Opinion | Suggested Correction |
|---|---|---|
| 1 | In <u>2023</u>, Plaintiff Ljiljana Karadzic and her children, Aleksandar and Sonja Karadzic, petitioned the Office of Foreign Assets Control ("OFAC") to be removed from its Specially Designated Nationals ("SDN"). (p.1) | In **2020**, Plaintiff Ljiljana Karadzic and her children, Aleksandar and Sonja Karadzic, petitioned the Office of Foreign Assets Control ("OFAC") to be removed from its Specially Designated Nationals ("SDN") **list**. |
| 1 | In May 2023, she filed this action claiming OFAC unreasonably delayed adjudicating her request in violation of the Administrative Procedure Act ("A.P.A."), | In May 2023, she filed this action claiming OFAC unreasonably delayed adjudicating her request in violation of the Administrative Procedure Act ("A.P.A."), **and OFAC made an unreasonable decision when ultimately denying her delisting request**. |
| 2 | He [Radovan Karadzic] was ultimately tried, convicted, and sentenced to **40 years of** imprisonment. (p. 2). | He was ultimately tried, convicted, and sentenced to **life** imprisonment. ECF 19-1, p. 7. |
| 3 | Several months later, in October 2023, OFAC granted Aleksandar **and Sonja** Karadzic's requests to be removed from the SDN List, but denied Ljiljana Karadzic's… (p.4) | Several months later, in October 2023, OFAC granted Aleksandar Karadzic's request to be removed from the SDN List, but denied Ljiljana **and Sonja** Karadzic's…ECF No. 13, para. 5 |

5